CONTE C. CICALA, State Bar No. 173554
*conte.cicala@clydeco.us*
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

MATTHEW T. DRENAN, State Bar No. 302477
*matt.drenan@clydeco.us*
CLYDE & CO US LLP
301 E. Ocean Boulevard, Suite 1550
Long Beach, CA 90802
Telephone: (562) 317-3300
Facsimile: (562) 317-3399

Attorneys for Plaintiff
MITSUI O.S.K. LINES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> BLUE ALLIANCE SHIPPING S.A.L., AFRICAN CAR CARRIER (OFFSHORE), and DOES ONE TO TWENTY, <br><br> Defendants. | Case No. 3:17-cv-03396 <br><br> **COMPLAINT FOR DAMAGES** |

Plaintiff MITSUI O.S.K. LINES, LTD. ("MOL") alleges as follows:

## **JURISDICTION**

1. This is a suit for unpaid freight charges pursuant to an ocean bill of lading, tariff and/or service contract and comprises an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1). In the alternative, it presents a federal question under 28 U.S.C. § 1331 in that it arises under the Shipping Act of 1984, as amended, 46 U.S.C. §§ 40101 *et seq*.

2. Personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2), as this suit arises under federal law, against foreign Defendants none of whom are subject to the jurisdiction of any state court. Therefore, this Court's exercise of personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) comports with the due process requirements of the United States Constitution.

**INTRADISTRICT ASSIGNMENT**

3. This District includes the Port of Oakland where MOL transports cargo by ocean vessel. It is therefore proper to assign this action to the San Francisco or Oakland Division of this Court.

**THE PARTIES**

4. Plaintiff MOL is now and at all times material herein a corporation duly organized and existing under the laws of Japan. Plaintiff was, and still is, a Vessel Operating Common Carrier of goods for hire between United States ports and foreign ports, and properly published tariffs and/or filed service contracts for the transportation of goods of the type and between the ports or areas as hereinafter alleged.

5. At all times relevant, Defendant BLUE ALLIANCE S.A.L. ("BLUE ALLIANCE") is, on information and belief, a business entity form unknown, organized under the laws of the Lebanese Republic, and was a Non Vessel Operating Common Carrier ("NVOCC") registered with the Federal Maritime Commission ("FMC"). It is understood, upon information and belief, that BLUE ALLIANCE was formed as a joint venture.

6. At all times relevant, Defendant AFRICAN CAR CARRIER (OFFSHORE) ("ACC") is, on information and belief, a business entity form unknown, organized under the laws of the Lebanese Republic, and was an NVOCC registered with the FMC. It is also understood, upon information and belief that ACC was a partner and/or joint venturer in the BLUE ALLIANCE joint venture.

7. The true names and capacities of Defendants sued as Does 1-20 are unknown to Plaintiff. Each of the Defendants was, at all times relevant, the agent, employee, joint venturer and/or coconspirator of the others and acting in the course and scope of the agency relationship,

1  employment, joint venture and/or co-conspiracy in performing the acts alleged, and each

2  Defendant has ratified and approved the acts of its agent(s).

### ALTER EGO LIABILITY

8. At all times relevant, ACC was and still is, on information and belief, a partner and/or joint venturer in the BLUE ALLIANCE joint venture.

9. In addition, and/or in the alternative, ACC is the alter ego of BLUE ALLIANCE.

10. Per its obligations as a partner, joint venturer, and/or alter ego of BLUE ALLIANCE, ACC is jointly and severally liable for BLUE ALLIANCE'S debts.

### GENERAL ALLEGATIONS

11. Plaintiff's Bills of Lading, tariff (duly published at www.MOLpower.com) and service contract terms and conditions provide, *inter alia*:

1. DEFINITIONS

[…] "Merchant" includes the shipper, Holder of this Bill of Lading, Consignee, receiver of the goods, any person owning or entitled to possession of the Goods or this Bill of Lading, and anyone acting on behalf of such person.

[ ... ]

11. MERCHANT'S RESPONSIBILITY

(1) All of the Persons coming within the definition of Merchant in Clause 1 shall be jointly and severally liable to the Carrier for the due fulfillment of all obligations of the Merchant in this Bill of Lading.

(2) The Merchant warrants to the Carrier that the particulars relating to the Goods as set out overleaf have been checked by the Merchant on receipt of this Bill of Lading and that such particulars and any other particulars furnished by or on behalf of the Shipper are accurate and correct. […]

12. FREIGHT

(1) Freight shall be deemed fully earned on receipt of the Goods by the Carrier, whether the Goods are lost or not, and shall be paid and non-returnable in any event. […]

(3) Freight has been calculated on the basis of particulars furnished by or on behalf of the Merchant. If the particulars furnished by or on behalf of the Merchant are incorrect, it is agreed that a sum equal to double the correct Freight less the Freight charged shall be payable as liquidated damages to the Carrier, provided that the Carrier's Tariff does not stipulate otherwise. […]

(5) The Merchant shall be liable to the Carrier for payment of all Freight and/or expenses including, but not limited to, court costs, legal fees and expenses incurred

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

in collecting monies due to the Carrier. Payment of the Freight to a freight forwarder, broker or anyone other than the Carrier or its authorized agent shall not be deemed payment to the Carrier and shall be made at the Merchant's sole risk.

12. At all times relevant, MOL and BLUE ALLIANCE were parties to Service Contract MOL-198 ("S/C") which incorporated by reference the terms and conditions of MOL's Bill of Lading and tariff.

13. At all times relevant, BLUE ALLIANCE was a "Shipper" and/or "Merchant" (as those terms are used in the MOL Bill of Lading, tariff and service contract) with respect to various shipments for which proper bills of lading and freight bills were issued by or on behalf of MOL. The said shipments were tendered for transportation between the United States and foreign ports on board ocean vessels for which freight charges were lawfully incurred in favor of MOL pursuant to the aforesaid tariff and contracts of carriage.

14. The principal amount of freight remains due and owing from, but is not limited to, the following shipments made by MOL for the benefit of BLUE ALLIANCE:

a. BLUE ALLIANCE tendered 339 motor vehicles for export from Boston, Massachusetts to the Republic of Benin on January 26, 2016.

b. BLUE ALLIANCE tendered 474 motor vehicles for export from Baltimore, Maryland to the Republic of Benin on January 30, 2016.

c. BLUE ALLIANCE tendered 172 motor vehicles for export from Jacksonville, Florida to the Republic of Benin on February 27, 2016.

d. BLUE ALLIANCE tendered 64 motor vehicles for export from Brunswick, Georgia to the Republic of Benin on February 28, 2016.

e. BLUE ALLIANCE tendered 435 motor vehicles for export from Baltimore, Maryland to the Republic of Benin on March 3, 2016.

f. BLUE ALLIANCE tendered 396 motor vehicles for export from Newark, New Jersey to the Republic of Benin on March 6, 2016.

g. BLUE ALLIANCE tendered 354 motor vehicles for export from Boston, Massachusetts to the Republic of Benin on March 8, 2016.

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

15. Under the Shipping Act, 46 U.S.C. §§ 40101 *et seq.*, as well as the applicable contracts of carriage, BLUE ALLIANCE is obligated to pay the entire amount of freight due under the applicable tariff and S/C for each shipment.

16. MOL has also incurred additional expenses and costs relating to these shipments, and will continue to do so, including auditing expenses and attorney fees and costs incurred in this action in collection of this unpaid freight.

## CLAIM FOR RELIEF

### (Breach of Maritime Contract)

17. MOL repeats and realleges each and every allegation contained in paragraphs 1 through 16 with the same force and effect as if fully set forth herein at length.

18. Pursuant to the Subject Bills of Lading and otherwise, BLUE ALLIANCE agreed and otherwise became bound to pay MOL for ocean freight and related charges in amounts provided by the S/C and tariff. However, BLUE ALLIANCE has failed to pay any rates or charges for ocean transportation services rendered by Plaintiff.

19. BLUE ALLIANCE owes, *in toto*, US $1,097,415.28 in outstanding freight charges. Plaintiff has demanded payment of the outstanding ocean freight charges and/or hereby demands payment thereof.

20. ACC is jointly and severally liable for the US $1,097,415.28 in outstanding freight charges owed to MOL by BLUE ALLIANCE as a partner and/or joint venturer in the BLUE ALLIANCE joint venture, and therefore alter ego of BLUE ALLIANCE.

21. Plaintiff accepted for export, transported, and delivered all cargoes tendered by BLUE ALLIANCE as set forth in paragraph 14, and has performed each and all of its obligations, actual and implied, arising pursuant to its S/C with BLUE ALLIANCE and imposed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MOL prays judgment as follows:

1. For damages in the amount according to proof, but in no event less than US $1,097,415.28 and interest thereon at the legal rate;

2. For all costs of suit, attorney fees and other expenses herein incurred;

1    3.    For such and other relief as the Court may deem proper.

Dated: June 12, 2017                    CLYDE & CO US LLP


                                        By:  */s/ Conte C. Cicala*
                                             Conte C. Cicala
                                             Matthew T. Drenan
                                             Attorneys for Plaintiff
                                             MITSUI O.S.K. LINES, LTD.